## In re FLEMING–ROBERTS CORPORATION, LTD., d/b/a Hondo's

**W. Steve SMITH, Trustee, Plaintiff,**

v.

**John F. McCORMICK and Robert P. Stanton, Defendants.**

Bankruptcy No. 82–02544–H2–4.
Adv. No. 84–0322–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 9, 1986.

Gerald P. Doyle, Woodard, Hall & Primm, P.C., Houston, Tex., for plaintiff, W. Steve Smith, trustee.

William A. Short, Jr., Bro & Short, Houston, Tex., for defendants, John F. McCormick and Robert P. Stanton.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

EDWARD J. RYAN, Bankruptcy Judge.

The court is fully aware that the trial court may not blindly accept the proposed findings of fact and conclusions of law of the prevailing party. *United States v. El Paso Natural Gas*, 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).

However, when the proposed findings are consistent with the evidence and the conclusions are agreeable to the state of the law, no useful purpose would be served by recasting the same in the language of the court.

Accordingly, the substance of the prevailing parties proposed findings of fact and conclusions of law are made and stated simultaneously with the filing of this memorandum.

## FINDINGS OF FACT

1. Prior to August 9, 1982, Texas Land & Cattle Company and Terrace Land Company brought a forcible detainer action in Justice of the Peace Court, Precinct 1, Position 1, of Harris County, Texas, against Fleming-Roberts Corporation, Ltd. ("debtor") and Robert P. Stanton. A judgment was entered against Fleming-Roberts Corporation, Ltd. and Robert P. Stanton in the Justice of the Peace Court.

2. On August 9, 1982, defendants Fleming-Roberts Corporation, Ltd. and Robert P. Stanton applied for an appeal bond through Lawyers Surety Corporation. Although the bond application listed defendant Stanton and debtor as the bond applicants, Fleming-Roberts Corporation, Ltd. was listed as the only collateral owner on

the collateral security receipt and agreement.

3. On August 9, 1982, debtor, Fleming-Roberts Corporation, Ltd., d/b/a Hondo's, filed an appeal bond in the amount of $20,000, to appeal the forcible detainer action previously entered by Justice of the Peace Court against debtor and defendant Stanton. That decision against the debtor and defendant was appealed to the Harris County Courts at Law.

4. Debtor deposited with Lawyers Surety Corporation cashier's check number 117244 dated August 9, 1982, in the amount of $20,000 as collateral security. That cashier's check was drawn on Allied Memorial Bank. The purchaser of the cashier's check is listed as Fleming-Roberts Inc. and it is made payable to Lawyer's Surety Corporation.

5. On September 1, 1982, the debtor voluntarily filed for relief under Chapter 11 of the Bankruptcy Code. On Debtor's schedules attached to its petition, debtor listed the $20,000 appeal bond as property of its estate.

6. On September 2, 1982, Judge C.M. Coussons heard the appeal of the forcible detainer action and entered judgment against Robert P. Stanton and the debtor.

7. On September 23, Judge C.M. Coussons entered a judgment against Robert P. Stanton in cause number 411,078 in the County Civil Court at Law Number Four (4) of Harris County, Texas, styled *Texas Land & Cattle Company and Terrace Land Company v. Fleming-Roberts Corporation, Ltd. and Robert P. Stanton.* That judgment ordered that Robert P. Stanton pay to plaintiff the sum of $1,000, as reasonable attorney's fees, plus costs of court.

8. On September 23, 1982, Judge Coussons entered judgment against the debtor in cause number 411,078–101 in the County Civil Court at Law Number Four (4) of Harris County, Texas, styled *Texas Land & Cattle Company and Terrace Land Company v. Fleming-Roberts Corporation, Ltd. and Robert P. Stanton.* That judgment ordered the debtor to pay the plaintiff the sum of $1,000 as reasonable attorney's fees, plus costs of court.

9. In the judgment against the debtor, the court further ordered the release of the August 9, 1982, bond upon the payment of the judgments in cause numbers 411,078 and 411,078–101, along with all costs of court.

10. Lawyers Surety Corporation issued a check in the amount of $1,000.00 to Texas Land & Cattle Company and Terrace Land Company in November 1982. That check has never been cashed.

11. On November 3, 1982, Lawyers Surety Corporation issued check number 391 drawn on Brookhollow National Bank, payable to the debtor and Robert P. Stanton in the sum of $18,000. Said check represents the return of collateral security to the debtor.

12. The Defendants, John F. McCormick and Robert P. Stanton, are officers and shareholders of the debtor.

13. Gregory E. Lucia, attorney for the debtor in the forcible detainer action, instructed Lawyers Surety Corporation to remit the appeal bond deposit monies less judgment awards to the debtor and Robert P. Stanton.

14. Defendant McCormick and defendant Stanton received the $18,000 check.

15. John P. McCormick endorsed the $18,000 check as president for Fleming-Roberts Corporation, Ltd. Robert P. Stanton endorsed the $18,000 check in his individual capacity.

16. An endorsement was put on the back of the $18,000 check making it payable to the order of Long Point Supply. The $18,000 check was subsequently cashed by Longpoint Supply.

17. The debtor filed for relief under Chapter 11 of the Code on September 1, 1982.

18. Plaintiff W. Steve Smith, was duly appointed as Trustee of the debtor's estate and is presently serving as such.

19. On March 11, 1983, the above-captioned bankruptcy case was converted to a case under Chapter 7 of the Code.

20. The debtor, by and through its president, John F. McCormick, filed its Schedule B–Statement of all property of debtor on October 18, 1982.

21. The debtor claimed the $20,000.00 appeal bond as personal property of the estate on Schedule B–2 of Schedule B–Statement of all property of debtor.

22. Debtor has never amended or supplemented said Schedule B–2 since its filing.

23. This court appointed W. Steve Smith Trustee to serve as trustee of the Chapter 7 Estate.

24. Plaintiff demanded that said bond deposit be turned over to him, as trustee of the estate, in his letter dated February 2, 1983, to William Short, attorney for the debtor. Plaintiff has continued to make demands on defendant McCormick and defendant Stanton for the $20,000.

25. Defendant McCormick and defendant Stanton have failed and refused, and continue to fail and refuse, to deliver said bond deposit or the value thereof to plaintiff.

26. The debtor and defendants have never turned over the appeal bond deposit monies to the trustee.

27. The estate has incurred attorneys' fees and trustee's fees through April 23, 1986, in the sum of $5,354.50 plus expenses in the sum of $1,161.60 in seeking a turnover or accounting of the appeal bond deposit monies from the debtor and defendants.

28. Lawyers Surety Corporation is holding $1,000.00 of the original $20,000.00 deposit in an escrow account.

29. Lawyers Surety Corporation issued a check in the amount of $1,000.00 to Texas Land & Cattle Company and Terrace Land Company in November 1982. That check has never been cashed.

30. Defendant McCormick and defendant Stanton failed to appear at trial.

### CONCLUSIONS OF LAW

1. The appeal bond deposit in the sum of $20,000 is property of the estate under 11 U.S.C. § 541.

2. Defendant McCormick and defendant Stanton, acting as agents for the debtor and debtor in possession, breached their fiduciary duties under 11 U.S.C. § 1107 by failing to account for property of the estate.

3. Defendant McCormick and defendant Stanton failed to account for and deliver to the trustee, the sum of $18,000 as is required by 11 U.S.C. § 542.

4. The defendants' endorsement of check 391 in the amount of $18,000.00 to Long Point Supply constitutes a conversion of property of the estate.

5. Said failure to account for the funds was willful, wanton, without justification or excuse, and was done with gross indifference to the estate and its creditors.

6. Defendant McCormick and defendant Stanton are directed to pay plaintiff $18,000 plus interest thereon, and court costs and expenses, including reasonable attorney's fees.